#14 (1/22 hrg off)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court DENIES the Motion to Transfer and GRANTS the Motion to Dismiss

Before the Court are Defendants The Daily Mail and General Trust PLC, Associated Newspapers LTD, DailyMail.com, and MailOnline's ("Defendants") motion to transfer venue and to dismiss. *See* Dkt. # 14 ("*Mot.*"). Plaintiff Rumble Inc. ("Plaintiff") opposed, *see* Dkt. # 17, and Defendants replied, *see* Dkt. # 20 ("*Reply*"). The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the arguments in the moving papers, the Court DENIES the motion to transfer the case to the Southern District of New York ("SDNY") and GRANTS the motion to dismiss Plaintiff's second cause of action.

I.     Background

Plaintiff asserts causes of action against Defendants for copyright infringement under the Copyright Act and unfair competition under California Business and Professions Code §§ 17200 *et seq. See* Dkt. # 1 ("*Compl.*"). Defendants now move to dismiss Plaintiff's unfair competition claim, and to transfer the case to the Southern District of New York ("SDNY"). *See Mot.*

II.    Legal Standard

   A.    Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) explicitly defines three factors—the convenience of the parties, the convenience of witnesses, and the interest of justice—and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

Ninth Circuit has explained that district courts may also consider factors used in the forum non conveniens context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof…[as well as (9)] the relevant public policy of the forum state[.]

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498?99 (9th Cir. 2000). The district court may also consider factors such as (10) relative court congestion, (11) "the local interest in having localized controversies decided at home," and (12) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The burden is on the moving party to show that transfer is appropriate. *See CFTC v. Savage*, 622 F.2d 270, 279 (9th Cir. 1979). Overall, § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

B.     Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

III. Discussion

    A. Motion to Transfer Venue

The Court begins by addressing Defendants' motion to transfer the case to SDNY, looking at (1) whether the case might have been brought in SDNY, and, if so, (2) whether the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer. *See* 28 U.S.C. § 1404(a).

    *i. Jurisdiction and Venue in SDNY*

To establish that an action "might have been brought" in the district to which transfer is sought under § 1404(a), the moving party must first show that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had originally filed the action in the district to which transfer is sought. *See, e.g.*, *Metz. v. U.S. Life Ins. Co. in the City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).

Subject matter jurisdiction is satisfied because Plaintiff asserts federal copyright claims. *See* 28 U.S.C. §§ 1331, 1338 ("[d]istrict courts shall have original jurisdiction of any civil action arising under any act of Congress relating to…copyrights."). Defendants would be subject to personal jurisdiction in SDNY based on their citizenship (their principal place of business is New York) and their own consent. *Mot.* 6; *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) ("A person may submit to a State's authority in a number of ways. There is, of course, explicit consent."). Lastly, venue would have been proper in SDNY because personal jurisdiction would have been proper. *See* 28 U.S.C. § 1400(a) (in copyright infringement actions, venue is proper "in the district in which the defendant or his agent resides or may be found"); *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) ("The Ninth Circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction.") (citation and internal quotations omitted).

The Court concludes that this action might have been brought in SDNY.

    *ii. Convenience of the Parties*

Plaintiff is a Canadian corporation located in Toronto, while Defendants are a United Kingdom company with their principal places of business in London and New York. *Mot.* 1. Defendants argue that Plaintiff's allegations have no connection whatsoever to the state of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

California; instead, they arise from events that took place in New York and London. *Id*. Plaintiff in opposition argues that both it and Defendants have substantial ties to California, and specifically to the Central District. *Opp*. 9.

Defendants argue that Plaintiff's Toronto location is far closer to New York than it is to Los Angeles, and that its own employees reside either in London or New York—both more convenient to New York than Los Angeles. *Mot*. 7. The Court first notes that Plaintiff brought this action in California, so Defendants' assertion that the forum is not convenient for *Plaintiff* is unconvincing. Plaintiff brought the action in California because its ties to Los Angeles are substantial, as most of its business revenue derives from sources there and it "receiv[es] and pa[ys] more money to individuals and entities here than any other region in the United States." *Opp*. 9. Due to the nature of its business paying content creators for videos which Plaintiff then makes available to other websites, Plaintiff does significant business with California entities such as America's Funniest Home Videos, Google, and Facebook. *Id.* 6. Its own executive staff has Los Angeles area codes on their company-issued phones. *Id*. 9.

It is Defendants' burden to justify the need for transfer. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Defendant, as the moving party, carries the burden of showing that transfer is warranted."). Defendants state generally that "the majority of the documentary evidence in this case will be located either with Plaintiff in Toronto, or with ANL in New York or London." *Mot*. 8. Defendants do not provide any specifics, however, of how litigating in Los Angeles would pose a hardship or inconvenience to warrant upsetting Plaintiff's choice of forum (Defendants have in fact been sued in the Central District more than once without issue, *see Opp*. 3). More saliently, the Court notes that one of two offices Defendants keep in the United States is in Los Angeles, and that office has operated since 2010. *Opp*. 3. Defendants have employees and an established business presence in Los Angeles; the Court does not look kindly on the fact that Defendants conveniently omitted any mention of their Los Angeles operation from their motion.

Plaintiff argues that any inconvenience that litigating in California would cause Defendants would only be shifted to Plaintiff if the action were moved to SDNY. *Opp*. 11; *see also STX v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("If the gain to convenience to one party is offset by the added inconvenience to the other, the courts have denied transfer of the action."); *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1120 (C.D. Cal. 1998) ("A transfer will not be ordered if the result is merely to shift the inconvenience from one party to another."); *Aspen Ins. UK Ltd. v. Brown & Brown, Inc.*, No. 10-cv-07892, 2011 WL 13217776, *9 (C.D. Cal. May 2, 2011) ("In assessing the convenience of a transfer of venue to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

the parties, courts are cautious not to shift the cost and burden of litigation from the defendant to the plaintiff.").

Defendants have not provided sufficient evidence of inconvenience in litigating in Los Angeles; accordingly, the Court finds this factor weighs against transfer.

*iii. Convenience of the Witnesses*

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147. When considering convenience of the witnesses, "[t]he court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case." *Callaway Golf Co. v. Corporate Trade Inc.*, No. CV 09-384 L (POR), 2010 WL 743829, at *6?7 (S.D. Cal. Mar. 1, 2010) (quoting *Steelcase, Inc. v. Haworth, Inc.*, 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996)).

Defendants assert that SDNY is far more convenient for the witnesses in the case, because its employees work either in New York or London, and the video editors who committed the alleged copyright infringement reside in New York and London. *Mot.* 7. However, courts have held that a defendant must do more than "rel[y] on vague generalizations of inconvenience"; rather, they must demonstrate "through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Cochran*, 58 F. Supp. 2d at 1119. They must describe in concrete terms how those parties would be inconvenienced by litigating in the forum. Defendants have not provided specific witnesses, a number of witnesses, what their testimony might include, nor any affidavits or declarations detailing who would be negatively impacted by litigating in California. Again, Defendants fail to mention their Los Angeles office and the employees who work there and reside in southern California, and whether any of those employees might be called to testify. Courts have held litigating in a forum "clearly would not be an inconvenience" where "at least one Defendant . . . has an office [there]." *See Sapan v. Dynamic Network Factory, Inc.*, No. 13-CV-1966, 2013 WL 12094829, at *4 (S.D. Cal. Nov. 25, 2013). Moreover, the convenience to third-party trial witnesses is a more important factor than convenience to employee witnesses. *See Hendricks v. StarKist Co.*, No. 13-cv-729, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014); *STX*, 708 F. Supp. at 1556 (discounting inconvenience to party's employee witnesses because litigants can compel their employees to testify regardless of forum).

Defendants concede that third-party content creators will likely be called to testify, but state that "there is no evidence that California is a more convenient forum" for them. *Id.* It is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

not Plaintiff's burden, however, to demonstrate that California is a more convenient forum for the witnesses; it is Defendants' burden to prove that New York is. Plaintiff asserts that five of the six third-party creators that will testify reside in southern California, while only one resides in New York. *Opp*. 12. Defendants offer no specifics about where the third-party witnesses reside and why testifying in Los Angeles would be a hardship to them. Because Defendants have failed to provide sufficient evidence of hardship to any witnesses to testify in California, this factor, too, weighs against transfer.

  *iv.* *Interests of Justice*

Defendants assert that the interests of justice dictate a transfer to SDNY. California's connection to this case is negligible, they argue, because neither Plaintiff nor Defendants reside in this district. *Mot.* 8. They argue that none of the operative facts occurred in California. *Id*. New York, on the other hand, would have an interest in addressing Plaintiff's claims, which arise from conduct that occurred "in part in New York by a Defendant whose principal U.S. office is based there, and who regularly does business in New York." *Id*. Again, Defendants fail to mention that they also maintain a Los Angeles office, and that they regularly do business there as well. Although California is not Plaintiff's place of citizenship, it is its most important business market—it derives 90% of its revenue from California companies. *See Opp*. 16. Both Plaintiff and Defendants regularly do business in California, and as Plaintiff notes, Defendants' argument that New York has a strong interest in the case because it "regularly does business there" applies in equal force to California. *Mot.* 8; *Opp*. 16.

Defendants also point to the relative congestion of the two fora, a factor that examines "'whether a trial may be speedier in another court because of its less crowded docket.'" *Shore to Shore Props., LLC v. Allied World Assurance*, No. C 11-01512 JSW, 2011 WL 4344177, at *6 (N.D. Cal. Sept. 15, 2011) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 2011)). Defendants state that there are approximately four thousand more cases filed per year in the Central District of California than in SDNY, and thus the time between filing and disposition would be shorter in SDNY. *Mot*. 9. However, as Plaintiff correctly notes and Defendants concede in their reply, the median time between filing and disposition of a civil case is longer in SDNY than the Central District of California by 3.6 months. *Opp*. 17; *Reply* 12. Although Defendants do not deem this to be "a significant amount of time," this factor nonetheless weighs against transfer.

  *v.* *Ninth Circuit Factors*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

Plaintiff argues that its choice of forum, the third Ninth Circuit factor, is entitled to deference. *Opp.* 14. Ordinarily, there is a strong presumption in favor of a plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265?66 (1981). "However, this rule is 'substantially attenuated' where plaintiff has commenced the action in a forum that is not his residence. In such cases, plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion." *Mason v. Telefunken Semiconductors America LLC*, No. CV 12-5163 HRL, 2012 WL 6652496, at *1 (N.D. Cal. Dec. 20, 2012) (citing *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010)). Here, Plaintiff is a resident of Canada, not California. *Mot.* 1. Nevertheless, "when there is no evidence that plaintiffs engaged in forum shopping and both plaintiffs and defendant have significant contacts with the [plaintiffs' choice of forum], plaintiffs' choice of forum carries significant weight." *Hendricks*, 2014 WL 1245880, at * 3.

Here, there is no evidence of forum shopping by Plaintiff; instead, Plaintiff does significant business in California and many of the third-party witnesses it intends to call at trial reside there, and as such, it deems the Central District to be the most convenient forum. Defendant, too, has significant ties to the forum. The Court therefore gives deference to Plaintiff's choice of forum. This factor thus weighs in favor of denying the transfer.

The fourth (parties' contacts with the forum) and fifth (contacts relating to the plaintiff's cause of action in the forum) factors have been addressed *supra*, section A *ii-iii*, and weigh against transfer.

The first, second, sixth, seventh, eighth, ninth, eleventh, and twelfth factors are neutral.

*vi.  Conclusion*

On balance, the Court concludes that based on the interests of justice and the location of the parties, the evidence, and the relevant witnesses, the Central District of California is an appropriate venue for the action. Accordingly, the Court **DENIES** the motion to transfer the case to the Southern District of New York.

B.  Motion to Dismiss

Defendants also move to dismiss Plaintiff's second cause of action, unfair competition under Cal. Bus. and Prof. Code §§ 17200, et seq., with prejudice, because it "merely incorporates by reference its prior allegations relating to its copyright claim and alleges nothing new," and is therefore preempted by the Copyright Act. *Mot.* 4. A state law claim is preempted by the Copyright Act if: 1) the rights asserted by plaintiff under state law are "'rights that are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4977 PSG (SKx) | Date | January 9, 2018 |
|---|---|---|---|
| Title | Rumble, Inc. v. The Daily Mail and General Trust PLC et al | | |

equivalent' to those protected by the Copyright Act;" and 2) "the work involved . . . fall[s] within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc*., 152 F.3d 1209, 1212 (9th Cir. 1998) (quoting 1 Nimmer, *Nimmer on Copyright* § 1.01[B] at 1-11).

Plaintiff raises no argument in opposition, conceding that its unfair competition claim cannot currently be sustained, and offers to withdraw it. *Opp*. 18. However, Plaintiff believes it may uncover additional evidence as discovery progresses that would support such a claim, and requests the claim be dismissed without prejudice so that it may later amend its complaint to include it. *Id*. The Court finds this request reasonable, and accordingly **GRANTS** Defendants' motion to dismiss the unfair competition claim **WITHOUT PREJUDICE**.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to transfer the case to the Southern District of New York. Defendants' motion to dismiss Plaintiff's second cause of action (Unfair Competition) is **GRANTED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**