Scott S. Humphreys (SBN 298021)
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067
Telephone: 424-204-4333
Fax: 424-204-4350
Email: humphreyss@ballardspahr.com

Attorneys for Defendant
ASSOCIATED NEWSPAPERS LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RUMBLE, INC., | Case No. 2:17-cv-04977 PSG (SKx) |
| Plaintiff, | **ANSWER OF DEFENDANT ASSOCIATED NEWSPAPERS LTD.** |
| vs. | |
| THE DAILY MAIL AND GENERAL TRUST PLC and its subsidiary, ASSOCIATED NEWSPAPERS LTD dba THE DAILY MAIL, DAILYMAIL.COM and MAILONLINE, and DOES 1-10, inclusive, | |
| Defendants. | |

Defendant Associated Newspapers Limited ("Defendant" or "ANL"), hereby submits its Answer to Plaintiff's First Amended Complaint (the "Amended Complaint"). Except as expressly and specifically admitted herein, Defendant denies each and every allegation of the Amended Complaint.

## INTRODUCTION

Plaintiff's statements in the "Introduction" to the Amended Complaint are prefatory, and not allegations to which a response is required. To the extent a response is required, Defendant denies the allegations in the "Introduction."

## THE PARTIES

1. Defendant admits, upon information and belief, the allegations in paragraph 1 of the Amended Complaint.

2. Defendant The Daily Mail and General Trust PLC has not been served, and has not appeared in this lawsuit; therefore, no response is required to the allegations in paragraph 2 of the Amended Complaint.

3. Defendant admits that it is a limited liability company organized under the laws of England and Wales, with a place of business at the address alleged; that it owns the print publication, The Daily Mail, and the internet publication, *MailOnline,* which is available at the website www.dailymail.co.uk; and that it maintains pages on various social media websites. Defendant lacks sufficient information to form a belief as to the truth or falsity of how Plaintiff generates revenue and on that basis denies such allegations. Defendant denies the remaining allegations in paragraph 3 of the Amended Complaint.

4. Defendant admits that its website may be viewed in the United States and directs the Court to Exhibit A of the Amended Complaint for the true and correct contents therein. Defendant denies the remaining allegations in paragraph 4 of the Amended Complaint.

5. Defendant admits that its content is available on a smartphone "app" that is available from Apple iTunes and does not dispute for purposes of this action

that this Court has personal jurisdiction over it. Defendant denies the remaining allegations in paragraph 5 of the Amended Complaint.

6. Defendant does not dispute Plaintiff's assertion that Plaintiff is ignorant of ANL's relationship with other entities, and states that paragraph 6 of the Amended Complaint otherwise asserts legal conclusions or questions of fact to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7. Defendant admits that Plaintiff's remaining cause of action arises under the copyright laws of the United States and that this Court has jurisdiction over that cause of action. Defendant denies the remaining allegations in paragraph 7 of the Amended Complaint.

8. Defendant admits that venue is proper in this district. Defendant denies the remaining allegations in paragraph 8 of the Amended Complaint.

## FACTS COMMON TO ALL CLAIMS

9. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Amended Complaint, and on that basis denies them.

10. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Amended Complaint, and on that basis denies them.

11. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Amended Complaint, and on that basis denies them.

12. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Amended Complaint, and on that basis denies them.

13. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Amended Complaint, and on that basis denies them.

14. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Amended Complaint, and on that basis denies them.

15. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Amended Complaint, and on that basis denies them.

16. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Amended Complaint, and on that basis denies them.

17. Defendant admits that Plaintiff and Defendant entered into the License Agreement on or about September 1, 2014 and that Plaintiff made payments to Defendant and refers the Court to Exhibit B of the Amended Complaint for the true and correct contents therein. Defendant denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. Defendant admits that Ms. Angelica Asplund, on Defendant's behalf, sent a letter to Plaintiff on or about April 9, 2015 to terminate the License Agreement and refers the Court to Exhibit C of the Amended Complaint for the true and correct contents therein. Defendant denies the remaining allegations in paragraph 18 of the Amended Complaint.

19. Defendant admits that Plaintiff sent emails to its representatives and refers the Court to Exhibit D of the Amended Complaint for the true and correct contents therein. Defendant denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations directed toward it in paragraph 20 of the Amended Complaint.

21. Defendant admits that it terminated the License Agreement. Defendant denies the remaining allegations in paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations directed toward it in paragraph 22 of the Amended Complaint.

23. Defendant denies that it has infringed Plaintiff's copyrights, lacks sufficient information to form a belief as to the truth or falsity of the allegations concerning Plaintiff's copyright registration allegations and on that basis denies such allegations, and states that the remaining allegations in paragraph 23 assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations directed toward it in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations directed toward it in paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations directed toward it in paragraph 25 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF

26. Defendant repeats and re-alleges its responses to foregoing paragraphs as if set forth herein in response to paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations directed toward it in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations directed toward it in paragraph 28 of the Amended Complaint.

29. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Amended Complaint, and on that basis denies them.

30. Defendant denies the allegations directed toward it in paragraph 30 of the Amended Complaint, and directs the Court to Exhibit F of the Amended Complaint for the true and correct contents therein.

31. Defendant denies the allegations directed toward it in paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations directed toward it in paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations directed toward it in paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations directed toward it in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations directed toward it in paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations directed toward it in paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations directed toward it in paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations directed toward it in paragraph 38 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

39. Defendant repeats and re-alleges its responses to the foregoing paragraphs as if set forth herein in response to paragraph 39 of the Amended Complaint.

40. Plaintiff's claim for relief based on the allegations in paragraph 40 of the Amended Complaint has been dismissed by the Court, and therefore no response is required to the allegations in paragraph 40 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part to the extent any copyright registrations asserted by Plaintiff as covering the Videos are invalid, untimely, and/or unenforceable.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred in whole or in part by an express or implied license.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff lacks standing to assert the claims herein.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent the Court finds any infringement or other wrongful conduct by Defendant, Defendant is entitled to a reduction of damages based on its innocent intent, including reductions in any statutory damages if so elected by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's request for injunctive relief is barred by the lack of any irreparable harm from the purported conduct by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims for more than one statutory damage award are barred by the provisions of the Copyright Act.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred in whole or in part by the defense of statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by waiver, acquiescence, or equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred in whole or in part by the First Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred to the extent they seek statutory damages that, when measured against any actual damage suffered by Plaintiff, would be excessive, obviously unreasonable and wholly disproportionate in violation of the Due Process clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

### ADDITIONAL DEFENSES

15. Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Amended Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus expressly reserves its right to amend its Answer to assert any additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

WHEREFORE, Defendant respectfully requests that:

1. Plaintiff take nothing by this action and that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice;

2. Defendant be awarded its costs, including reasonable attorneys' fees;

3. Such other and further relief as the Court deems just and proper.

DATED: January 23, 2018

BALLARD SPAHR LLP

By: /s/ *Scott S. Humphreys*
    Scott S. Humphreys

Attorneys for Defendant
ASSOCIATED NEWSPAPERS LTD.

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2018, I electronically filed a true and correct copy of the foregoing **ANSWER OF DEFENDANT ASSOCIATED NEWSPAPERS LTD.** through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel in the case who are registered CM/ECF users.

      /s/ *Scott S. Humphreys*
      Scott S. Humphreys